UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

        Plaintiff,

vs.                                      Case No.  3:06-cv-876-J-33MCR

CORY D. BRANNON,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Petition (Doc. 1).  On October 11, 2006, the Court recommended Plaintiff's Affidavit of Indigency (Doc. 2) be denied without prejudice and Plaintiff's Petition (Doc. 2) be dismissed without prejudice because it set forth no identifiable claim or ground for relief against Defendant.  The Court did, however, grant Plaintiff an opportunity to file an amended complaint which set forth a valid cause of action no later than **November 10, 2006**.  As of this date, Plaintiff has made no filing.

When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action is frivolous or malicious, if it fails to state a claim upon which

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  In this case, Plaintiff filed what appears to be a petition in the interest of Cory D. Brannon.  Plaintiff states his cause of action is based on the Mental Health Act of 1973 as instituted by Congress.  (Doc. 1).  Plaintiff then states that Defendant has been diagnosed with various mental conditions and he is unable to make decisions that are safe and in his best interest.  Plaintiff seeks an Order by this Court granting him full permanent custody over Defendant, as well as an Order granting him full authority to allow Defendant to be placed in a treatment facility.

Plaintiff's Complaint sets forth no identifiable claim or ground for relief against Defendant.  Plaintiff does not set forth a sufficient factual basis for the suit, nor are any legal grounds apparent.  To the extent Plaintiff is attempting to raise a claim under Florida's Mental Health Act, a/ka the Baker Act, Florida Statute § 394.451 *et al.*, this Court does not have subject matter jurisdiction.  Moreover, Florida Statutes § 394.463 and § 394.467 set forth the proper procedure for initiating an involuntary examination or inpatient placement for persons who suffer from a mental illness and pose an imminent threat to themself or others.

Because Plaintiff failed to file an Amended Complaint on or before November 10, 2006, it is respectfully recommended that Plaintiff's Petition be dismissed without prejudice to Plaintiff's filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Petition (Doc. 1), be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of November, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff
Hon. Virginia M. Hernandez Covington,
  United States District Judge